IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00208-MR-WCM

| | |
|---|---|
| LISBANIA LARIZA BARAHONA DE RODRIGUEZ; JOSE ANGEL RODRIGUEZ RODRIGUEZ; and JOSE ANGEL RODRIGUEZ BARAHONA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, *in his official capacity as Secretary of the United States Department of Homeland Security*; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UR M. JADDOU, *in her official capacity as Director of United States Citizenship and Immigration Services*; and USCIS NEBRASKA SERVICE CENTER, <br><br> Defendants. | ORDER |

This matter is before the Court on a Joint Motion for Stay (the "Motion to Stay," Doc. 8), by which the parties request a stay of this litigation through and including March 1, 2024.

I.   Background

On August 7, 2023, Lisbania Lariza Barahona de Rodriguez ("Lisbania"), Jose Angel Rodriguez Rodriguez ("Jose Angel Sr."), and Jose Angel Rodriguez Barahona ("Jose Angel Jr.") filed a Complaint for Declaratory and Injunctive Relief arising out of the denial of Plaintiffs' Form I-918 or Form I-918A applications for U nonimmigrant status. Doc. 1.

On November 16, 2023, which was the day before Defendants' deadline to file an answer or otherwise respond to the Complaint, the parties filed the Motion to Stay.

II.  Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Maryland v. Universal Elections, Inc., 729 F.3d 370, 375 (4th Cir. 2013) (quoting United States v. Ga. Pac. Corp., 562 F.2d 294, 296 (4th Cir.1977) ("The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'")).

III. Discussion

The parties represent that after the filing of Plaintiffs' Complaint, the

2

United States Citizenship and Immigration Service ("USCIS") reopened administrative proceedings relating to Plaintiffs, and approved Form I-918 and Form I-918A applications for Lisbania and Jose Angel Sr., respectively.

Additionally, the USCIS issued a Request for Evidence in connection with the Form I-918A for Jose Angel Jr.; the deadline to respond to the request is January 1, 2024. Doc. 8. The parties state that following receipt of that evidence, the USCIS "will need adequate time to complete its administrative processing and review…." Id. at 2.

Based on these administrative proceedings, the parties request a stay of this litigation through March 1, 2024, and state that such a stay would allow for "possible resolution or clarification of the dispute through administrative action," and could avoid the effort and expense of litigation.[1]

---

[1] Defendants have also filed a Memorandum in Support of the Motion to Stay. Doc. 9. Therein, Defendants assert that if this litigation is not stayed and they were to respond to the Complaint before the re-opened administrative proceeding concludes, they would file a motion to dismiss based on, among other things, a lack of subject matter jurisdiction because the litigation would not concern a final agency action. Doc. 9 at 3. Defendants further note that "Plaintiffs may not share" Defendants' view regarding the Court's jurisdiction during the re-opened administrative proceedings. Id. The undersigned expresses no opinion regarding these issues but finds that an extension of Defendants' answer deadline is warranted. Accord, Federal Deposit Ins. Corp. v. Dion Holdings, LLC, No. 1:11cv83, 2011 WL 1838682 (W.D.N.C. May 13, 2011); see also Orchestra, Inc. v. United States Postal Service, No. 87-1005, 1987 WL 28427, at *2 (D.D.C. Dec. 7, 1987) ("Sound discretion bids a court stay its hand upon petition by the Administrator where it has reason to believe that further agency consideration may resolve the dispute and obviate the need for further judicial action. However, the court has jurisdiction and may maintain the action on its docket in a suspense status….") (quoting Natural Resources Defense Council, Inc. v. Train, 510 F.2d 692, 703 (D.C.Cir.1975)).

Here, for the reasons set forth in the Motion to Stay, the undersigned finds that some relief is appropriate, but declines to stay these proceedings in their entirety.

**IT IS THEREFORE ORDERED** that:

(1) To the extent the Motion to Stay (Doc. 8) seeks a stay of this matter in its entirety, the request is **DENIED**.

(2) To the extent the Motion to Stay seeks an extension of the deadline for Defendants to respond to Plaintiffs' Complaint, the Motion is **GRANTED IN PART**, and the deadline for Defendants to answer or otherwise respond to Plaintiffs' Complaint is **EXTENDED** through and including March 1, 2024.

Signed: November 29, 2023

W. Carleton Metcalf
United States Magistrate Judge